IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ROY LEE RUSSELL                                                                                    PETITIONER
ADC #087075

V.                              CASE NO. 5:16-cv-00188 DPM-JTK

WENDY KELLEY, *Director*,
Arkansas Department of Correction                                                            RESPONDENT

## **PROPOSED FINDINGS AND RECOMMENDATIONS**

### **Instructions**

The following recommended disposition has been sent to United States District Court Judge D. P. Marshall, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

> 2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.
>
> 3. The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## Disposition

BEFORE THE COURT is the Petition for Writ of Habeas Corpus (DE #1) filed by Roy Lee Russell, Petitioner, on June 17, 2016. For the reasons that follow, the undersigned recommends that the petition be dismissed with prejudice.

Facts and Procedural History

Russell and Holly Davidson had been in a relationship. On March 10, 2012, Davidson, along with her mother, Cynthia Santos, and her mother's friend, Harold Gene Shepherd, are said to have gone to Russell's home to retrieve some of Davidson's belongings. After the group engaged in drinking and taking drugs, things took a violent turn, and all four were injured. The State alleged that Petitioner held all three at gunpoint, told

them they were going to die, and pistol-whipped and sexually assaulted Davidson and Santos. At some point, Petitioner hit Shepherd with the gun, but Shepherd was later able to wrestle the gun away from Petitioner, pistol whip him, and allow the women to escape from the house. Petitioner ran across the road, and Shepherd ran to his truck to find the women. When unable to find them, he headed back towards Petitioner's home and found police officers there.

Russell claimed a different version of events. Russell testified that Santos came to his home with Shepherd earlier that day begging for drugs. He said he agreed to exchange sex for drugs and that it was not the first time they had done so. Later that evening, Petitioner claims Davidson, Santos and Shepherd returned. Russell stated all of them were drinking and that he supplied them with both crack and powder cocaine. Petitioner states Shepard became angry when he declined to purchase a gun from him. He testified that Shepherd hit him with the pistol, broke his nose, and demanded to know where Russell kept his money and drugs. He claimed Shepherd fired one shot over his head, one down by his feet, and one beside his waist. Petitioner averred that Davidson was injured by Shepherd when he used her as a human shield to protect himself against Shepherd's attack. Russell testified that Santos was also hit by Shepherd as he violently swung his gun.

In 2012, Petitioner was tried by a Desha County (Arkansas) jury on the charges of three counts of kidnaping, one count of aggravated assault, three counts of rape, one count of second-degree battery, and one count of being a felon in possession of a firearm. He was

acquitted of all charges except second degree battery and being a felon in possession of a firearm. He was sentenced as an habitual offender to consecutively run sentences of fifteen years for second degree battery and forty years for being a felon in possession of a firearm.

On appeal, Russell argued there was insufficient evidence to convict him of second degree battery and being a felon in possession of a firearm when the jury acquitted him of aggravated assault—a charge that arose out of the same facts and circumstances. The Arkansas Court of Appeals affirmed the convictions in 2014, holding alternatively, first, that the argument was not preserved for appellate review because Russell had not made an inconsistent verdict argument at trial, and second, that even if the argument had been preserved, it would affirm because acquittal on one count does not equate to insufficient evidence of guilt on another count. *See Russell v. State*, 2014 Ark. App. 357. On June 12, 2014, Petitioner filed a petition for review by the Arkansas Supreme Court. It denied the petition.

On September 11, 2014, Russell timely sought post-conviction relief pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure, alleging eight grounds of ineffective assistance of trial counsel. Those claims included: (1) failure to investigate and introduce his medical records at trial, (2) failure to adequately cross-examine the emergency room physician, Dr. Ralph Maxwell, (3) failure to recall Dr. Maxwell as a witness for the defense to testify regarding his treatment of Russell, (4) failure to object to the multiplicitous nature of the aggravated assault and second degree battery charges, (5) failure to object to the

prosecutor's closing argument as vouching for the credibility of the witnesses, (6) failure to mount a selective prosecution challenge to charge him rather than Davidson, Santos, and Shepherd, (7) failure to object to the decision to run his sentences consecutively, and (8) failure of appellate counsel to preserve his sufficiency of the evidence state claim. The trial court summarily dismissed the petition for lack of jurisdiction, but the Arkansas Supreme Court reversed and remanded the decision for further proceedings. *See Russell v. State*, 2014 Ark. 530 (per curiam). On remand, the trial court subpoenaed Russell's medical records for consideration and concluded that his claims for ineffective assistance of counsel were not supported by the record. Russell again appealed. The Arkansas Supreme Court held that any deficient performance by defense counsel in failing to investigate or introduce Petitioner's medical records during trial was not prejudicial; it also found that Petitioner's allegations were insufficient to establish selective prosecution based on race. *Russell v. State*, 2016 Ark. 190.

On January 5, 2015, Petitioner filed a federal habeas petition. At the time of its filing, the state Rule 37 petition remained pending on remand to the Desha County Circuit Court. That federal petition contained the claim raised on direct appeal (sufficiency of the evidence) and the eight ineffective assistance of counsel claims raised in the pending Rule 37 petition. In a recommended disposition dated March 9, 2015, the magistrate judge recommended that the federal habeas petition be dismissed without prejudice because it contained unexhausted

claims. The district court agreed with the recommendation and dismissed the petition without prejudice.

On January 11, 2016, Russell filed a pro se state petition for writ of habeas corpus alleging he was being illegally held on an invalid conviction. The circuit court denied the petition, finding Russell had not stated a ground for the writ. Russell appealed, and the Arkansas Supreme Court, on May 26, 2016, affirmed the circuit court, finding no merit in his argument. *See Russell v. Kelley*, 2016 Ark. 224. Thereafter, Russell filed this second federal habeas petition on June 17, 2016. Reading the petition liberally, Russell ("Petitioner") asserts the following grounds for relief: (1) insufficient evidence to convict of second degree battery and felon in possession, (2) ineffective assistance of trial counsel for failing to investigate or introduce his Petitioner's medical records during trial, (3) ineffective assistance of trial counsel for failing properly cross examine Dr. Maxwell, (4) ineffective assistance of trial counsel for failing to object to a multiplicitous information charging Petitioner with aggravated assault and second degree battery of Davidson, (5) ineffective assistance of trial counsel for failing to object to the prosecutor's vouching for victim's credibility in closing arguments, (6) ineffective assistance of trial counsel for failing to make a selective prosecution claim or defense, (7) ineffective appellate counsel for failing to preserve a sufficiency of the evidence argument on appeal, (8) lack of authority for Special Judge Ted Capeheart to amend the sentencing order after his assignment as a special judge

had expired, and (9) violation of his due process/equal protection rights through the arbitrary or discriminatory failure to apply state law.

Respondent admits that Petitioner is in her custody and that he has no state-court remedies available to him. However, Respondent argues alternatively that Petitioner's claims are procedurally defaulted and lack merit.

## Discussion

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), where a petitioner's claims have been "adjudicated on the merits in State court proceedings," we may grant relief only where the adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United states; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The "contrary to" and "unreasonable application of" clauses of § 2254(d)(1) have "independent meaning." *Williams v. Taylor*, 529 U.S. 362, 405 (2000). "A decision is contrary to clearly established law if the state court 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases.'" *Lafler v. Cooper*, 566 U.S. 156, 173 (2012). "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Williams v. Taylor*, 529 U.S. at 409. "Under § 2254(d)(1)'s 'unreasonable

application' clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411.

With respect to § 2254(d)(2)'s "unreasonable determination of the facts" clause, "[t]he question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007) (citing *Williams v. Taylor*, 529 U.S at 410. Furthermore, we presume that the state court's factual findings are correct— a presumption the petitioner must rebut with "clear and convincing evidence." *Id.* At 474 (quoting 28 U.S.C. § 2254(e)(1)).

Because Petitioner seeks relief based on several ineffective assistance of counsel claims, the relevant "clearly established Federal law" is the Supreme Court's decision in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to succeed on these claims, petitioner must show that his attorney's "representation fell below an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. at 688, or that counsel failed to exercise "the skill and diligence that a reasonably competent attorney would exercise under similar circumstances." *Thomas v. Lockhart*, 738 F.2d 304, 307 (8th Cir. 1984). Petitioner must also show that counsel's deficient performance rendered the proceedings unreliable or fundamentally unfair. *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993). "Unreliability or

unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Id.* at 372. Counsel is presumed competent and reasonable trial strategy cannot rise to the level of ineffective assistance of counsel. *Id.*

### 1. Inconsistent Verdict

Petitioner's first claim for relief argues the evidence was insufficient to convict him of second degree battery and felon in possession of a firearm based on the jury's acquittal of him on the aggravated assault charge. As previously noted, the Arkansas Court of Appeals rejected this argument on two grounds—first that it was not preserved for review—and second that, even if preserved, the argument lacked merit.

This claim may be denied as procedurally defaulted. Petitioner did not preserve the claim for the Arkansas appellate courts. There is no evidence to satisfy the cause and prejudice standard or to show that any fundamental miscarriage of justice would result from the procedural bar. Ineffective assistance from appellate counsel is insufficient and cannot be used to excuse a default. *See* 28 U.S.C. § 2254(i) ('The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.").

The claim also lacks merit. Even if it had been preserved for review, the argument would fail. It has long been held that inconsistent criminal case verdicts, without more, are not a basis for habeas corpus relief. *Dunn v. United States*, 284 U.S. 390 (1932) (inconsistent

jury verdicts against one defendant); *United States v. Nolen*, 536 F.3d 834, 844 (8th Cir. 2008) (generally inconsistent verdicts are not improper). The Arkansas Court of Appeals, although it did not cite federal precedent, correctly identified the governing legal rule and applied it reasonably to the facts of Petitioner's case.

### 2. Ineffective Assistance of Counsel claims

Russell contends next that his defense counsel was ineffective for a myriad of reasons. However, all of those claims lack merit for the reasons outlined below.

#### a. *Medical Records*

Russell asserts his trial counsel was ineffective for failing to introduce medical records that evidence his injuries sustained in the brawl with Shepherd. The Arkansas Supreme Court held in part that:

> There was no dispute that Russell was injured in the altercation. Harold Shepherd testified that he struck Russell multiple times with the butt of a gun. The medical records were merely cumulative evidence that Russell sustained abrasions to his head and face. The introduction of the medial records would not have supported Russell's claim that he was not the first aggressor.

*Russell v. State*, 2016 Ark. 190, at 4.

The state court did not unreasonably apply the law or determine the facts in denying Petitioner's claim. As noted, the medical records would only show that Petitioner sustained injuries during the brawl—not that he was not the initial aggressor. Admission of the medical records would have provided cumulative evidence, and "failure to present cumulative evidence does not constitute ineffective assistance of counsel." *See Winfield v.*

*Roper*, 460 F.3d 1026, 1033 (8th Cir. 2006); *Bucklew v. Luebbers*, 436 F.3d 1010, 1019-20 (8th Cir. 2006).

### b. *Cross examination of Dr. Ralph Maxwell*

In his next ground for relief, Petitioner asserts that his counsel failed to properly prepare for and conduct cross examination of Dr. Ralph Maxwell, the physician who treated him in the emergency room following the altercation. Again, we turn to the Arkansas Supreme Court's holding on this claim. The Arkansas Supreme Court held as follows:

> Specifically, Russell complains that counsel failed to adequately prepare for the testimony of Dr. Maxwell. Dr. Maxwell had been called by the State to testify about the extent of the injuries sustained by the victims. Because Dr. Maxwell had also treated Russell, on cross examination counsel asked Dr. Maxwell to describe the extent of Russell's injuries. However, without the medical records as a reference, Dr. Maxwell was unable to recall treating Russell.
>
> Russell contends that the medical records would have enabled Dr. Maxwell to describe Russell's medical treatment and to provide expert medical testimony, as well as to provide documentation establishing the severity of Russell's injuries, which Russell again maintains was crucial to support his defense that he had not been the aggressor. However, the extent and severity of Russell's injuries were presented to the jury for consideration, and Russell cannot demonstrate prejudice from the absence of what would have been cumulative evidence. The fact that there was a witness who could have offered beneficial testimony is not, in and of itself, proof of counsel's ineffectiveness. *Williams v. State,* 2015 Ark. 466, at 6, 476 S.W.3d 800, 806. Rather, the burden is on a petitioner to demonstrate prejudice by establishing that the testimony would have changed the trial's outcome. *Id.* Russell failed to meet this burden.

*Russell v. State*, 2016 Ark. 190, at 4–5, 490 S.W.3d at 659.

It is apparent that the state court did not apply a rule in direct contradiction to Supreme Court precedent, which requires great deference to the strategic choices of counsel. *See Strickland*, 466 U.S. at 675. Likewise, Petitioner cites no cases where the United States Supreme Court reached a result opposite to the one here on materially indistinguishable facts, and this Court has found none. Nor did the state court unreasonably apply the correct governing principles to the Petitioner's case or make an unreasonable determination of the facts. As noted previously, the failure to submit cumulative evidence does not constitute ineffective assistance of counsel. *Winfield v. Roper*, 460 F.3d at 1033. Petitioner described his injuries to the jury, and Shepherd testified as to how he injured Petitioner; therefore, his injuries from the altercation were established. Given that Dr. Maxwell could not recall treating Petitioner, admission of the medical records would have only refreshed his recollection. It has been established that the medical evidence was cumulative, and Dr. Maxwell reading from cumulative medical records does not make them any less cumulative. Because the state court's decision was not contrary to, or an unreasonable application of, clearly established federal law, or based on a unreasonable determination of the facts, this Court must not grant habeas relief on this claim.

    c.  *"Multiplicitous" Charges*

Petitioner contends that defense counsel was ineffective for failing to object to the information on the grounds that charging him with both aggravated assault and second-

degree battery was multiplicitous and violated the prohibition against double jeopardy. The Arkansas Supreme Court addressed the argument this way:

> Russell relies on Arkansas Code Annotated section 5–1–110(a)(5) and argues that counsel was ineffective when he failed to object to count four, aggravated assault of three victims, and count eight, second-degree battery of Holly Davidson, in the felony information as "multiplicitous." Russell maintains that second-degree battery, which was charged in count eight, was a lesser-included offense of aggravated assault, which was charged in count four. The trial court correctly found this allegation to be without merit. Russell had been acquitted of count four and thus failed to demonstrate that he was prejudiced by counsel's alleged failure to object to the charges in the felony information.

*Russell v. State*, 2016 Ark. 190, at 5, 490 S.W.3d at 659 (2016).

Petitioner has cited no case that indicates second-degree battery is a lesser-included offense of aggravated assault. Even if it was a lesser-included offense, Arkansas law is settled that, "once an offense is determined to be a lesser-included offense, the circuit court is obligated to instruct the jury on that offense *only if* there is a rational basis for the verdict acquitting the defendant of the offense charged and convicting him of the lesser-included offense." *See Sims v. State*, 2015 Ark. 363, at 10-11, 472 S.W.3d 107, 115-116 ("With regard to aggravated assault, trial counsel was not remiss for failing to seek a lesser-included offense instruction because Sims's defense to that charge was complete denial. Where the evidence clearly shows that the defendant is either guilty of the greater offense charged or innocent, there is no rational basis for giving an instruction on lesser-included offenses.") (Citations omitted; Emphasis added). Here, the Petitioner was not convicted of both crimes;

therefore, double jeopardy was not an issue. Accordingly, Petitioner has failed to prove an unreasonable application of federal law or any prejudice under *Strickland*.

### d. Closing Argument

Petitioner's next argument is that counsel was ineffective for failing to object to the prosecutor's closing argument, wherein the prosecutor allegedly vouched for the victims's credibility. In adjudicating this claim, the Arkansas Supreme Court noted as follows:

> Russell contends that the prosecutor improperly vouched for the victims' credibility, and counsel unreasonably failed to object. After thoroughly reviewing the closing arguments of both the prosecution and the defense, the trial court found no prejudice. The trial court concluded that the prosecutor's statement that he was convinced that a crime had been committed, was made during rebuttal, was responsive to defense arguments, and was, therefore, proper under the circumstances. *See Stewart v. State,* 2012 Ark. 444, at 5, 2012 WL 5963224 (holding that it was not an abuse of discretion to overrule an objection during closing argument because the prosecution's argument concerning credibility was related to defense counsel's attacks on witness credibility). Furthermore, it is well established that because many lawyers refrain from objecting during opening statement and closing argument, absent egregious misstatements, the failure to object during closing argument and opening statement is within the wide range of permissible professional legal conduct. *Sasser v. State,* 338 Ark. 375, 391, 993 S.W.2d 901, 910 (1999). Russell's contention that counsel failed to object during the prosecutor's closing argument does not overcome the presumption that counsel's conduct fell within a wide range of reasonable professional assistance.

*Russell v. State*, 2016 Ark. 190, 5–6, 490 S.W.3d 654, 659–60 (2016).

> It is improper for a prosecutor to make comments that are likely to inflame bias in the jury and to result in a verdict based on something other than the evidence. *United States v. Cannon,* 88 F.3d 1495, 1502-03 (8th Cir.1996). But a prosecutor's obligation to seek justice rather than merely to win a case does not preclude him from offering a spirited statement of the grounds for

14

> conviction based on the evidence. "So long as prosecutors do not stray from the evidence and the reasonable inferences that may be drawn from it, they, no less than defense counsel, are free to use colorful and forceful language in their arguments to the jury." *United States v. Robinson,* 110 F.3d 1320, 1327 (8th Cir.1997).

*United States v. Mullins*, 446 F.3d 750, 759 (8th Cir. 2006)

In determining whether the prosecutor's closing argument violated Petitioner's constitutional rights, the pertinent inquiry is "whether the prosecutors' comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright,* 477 U.S. 168, 181 (1986) (quoting *Donnelly v. DeChristoforo,* 416 U.S. 637, 643 (1974)). The test applied to determine whether error makes a trial fundamentally unfair is whether there is a reasonable probability that the verdict might have been different had the error not occurred. *Lisenba v. California*, 314 U.S. 219, 236 (1941); *Hamilton v. Nix*, 809 F.2d 463, 470 (8th Cir. 1987). The Court may grant Petitioner habeas relief only if "the prosecutor's closing argument was so inflammatory and so outrageous that any reasonable trial judge would have *sua sponte* declared a mistrial." *James v. Bowersox*, 187 F.3d 866, 869 (8th Cir. 1999). With "the strict due process standard of constitutional review, the deferential review mandated by the AEDPA, and [this Court's] less reliable vantage point for gauging the impact of closing argument on the overall fairness of a trial," the Court's review of whether the prosecutor's closing argument violated Petitioner's right to due process is "exceptionally limited." *Id.; see also Sublett v. Dormire*, 217 F.3d 598, 600 (8th Cir. 2000).

Here, witness credibility was mentioned in the closing arguments of both parties–not just in the prosecutor's rebuttal. Petitioner points to statements made not only in rebuttal but also in the prosecutor's initial closing argument. In its entirety, however, the prosecutor's closing argument was not such that it "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden v. Wainwright*, 477 U.S. at 181. A review of the record here shows the state trial court instructed the members of the jury, prior to closing arguments, that the issue of witness credibility rested solely in its purview and that "[o]pening statements, remarks during the trial, and closing arguments of the attorneys are not evidence[.]" (Resp. Exhibit A, v. 5, pp. 606-607) The prosecutor's statements did not "manipulate or misstate the evidence," nor did it "implicate other specific rights of the accused." *Darden v. Wainwright*, 477 U.S. at 181-182 . Accordingly, Petitioner has failed to demonstrate that the Arkansas Supreme Court's determination "resulted in a decision that was contrary to, or involved an unreasonable application of," clearly established federal law. 28 U.S.C. § 2254(d)(1). Nor has Petitioner shown that the determination "resulted in a decision that was based on a unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). As such, the instant claim should be denied.

   *e.*  *Selective prosecution*

In his sixth ground for relief, Petitioner claims counsel was ineffective for failing to challenge his "selective prosecution." According to Russell, the evidence was sufficient to

charge Harold Shepherd with the same crimes but that he was not prosecuted because he was Caucasian. He asserts that the decision to charge him, as well as the jury's decision to convict him and the subsequent decisions of the Arkansas courts, were the result of race-based prosecution.

In adjudicating this claim, the Arkansas Supreme Court held:

> We have recognized and adopted the federal standard for evaluating a claim of selective prosecution, which requires a showing of two elements: (1) proof that the government had singled the defendant out for prosecution while others similarly situated were not prosecuted; and (2) proof that the defendant was being singled out based on an impermissible motive, such as race, religion, or the exercise of constitutional rights. *Owens v. State,* 354 Ark. 644, 656–57, 128 S.W.3d 445, 452–53 (2003) (citing *United States v. Wilson,* 806 F.2d 171 (8th Cir.1986)). An allegation of selective prosecution must be supported by a specific factual basis before an evidentiary hearing on the matter would be warranted. *Id.* at 659, 128 S.W.3d at 454. In order to establish that a defendant is similarly situated, the circumstances must demonstrate that there were no legitimate prosecutorial factors justifying the decision to prosecute, such as the strength of evidence against a particular defendant and the defendant's role in the crime. *United States v. Venable,* 666 F.3d 893, 901 (4th Cir.2012). Here, Russell's allegations are insufficient to establish a factual basis for a selective-prosecution claim. The trial court did not clearly err when it concluded that counsel was not ineffective for failing to raise a selective-prosecution claim.

*Russell v. State*, 2016 Ark. 190, 6–7, 490 S.W.3d 654, 660 (2016).

Petitioner has not shown that the state Supreme Court's adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. In addressing the claim, the state Supreme Court applied clearly established federal law. The "evidentiary burden is a

17

heavy one." *United States v. Leathers,* 354 F.3d 955, 961 (8th Cir. 2004). Petitioner offers "no credible evidence" that race played a role in the state's charging decisions. *See United States v. Hirsch,* 360 F.3d 860, 864 (8th Cir. 2004). Thus, counsel was not ineffective for not raising a claim that lacked merit.

### f. *Ineffective appellate counsel*

Petitioner contends his appellate counsel was ineffective for having failed to preserve his insufficiency-of-the-evidence argument. As noted by Respondent, this argument was not raised in the Rule 37 proceedings or adjudicated in his Rule 37 appeal; therefore, the claim is procedurally defaulted. While inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial, *see Martinez v. Ryan*, 566 U.S. 1, 9 (2012), it does not extend to defaulted claims of ineffective assistance of appellate counsel. *Dansby v. Hobbs*, 766 F.3d 809, 833 (8th Cir. 2014). Petitioner asserts no other ground as cause for his procedural default and has thus failed to show cause sufficient to overcome his procedural default. His failure to show cause makes a determination of prejudice unnecessary. *Cagle v. Norris*, 474 F.3d 1090, 1099 (8th Cir. 2007). Nor has Petitioner presented any evidence of actual innocence. Moreover, the claim is without merit.

### g. *Special Judge*

In his next to last argument, Petitioner contends that Judge Capeheart's amended sentencing order was invalid on its face because he was no longer authorized to sit as special

judge at the time he signed the order. This argument was raised in Petitioner's state habeas petition, and the issue was governed by and denied on state law grounds. *See Russell v. Kelley*, 2016 Ark. 224. It is well settled that federal courts are barred from reviewing claims decided on independent and adequate state law grounds. *Fox Film Corp. v. Muller*, 296 U.S. 207, 210 (1935).

### h.    *Due Process/Equal Protection Violations*

In his final claim, Petitioner asserts violation of his due process/equal protection rights through the arbitrary or discriminatory failure to apply state law. To the extent this argument re-alleges the selective prosecution claim, it fails for the reasons outlined above. It is also denied because it is procedurally defaulted and default has not been excused.

## Conclusion

For the foregoing reasons, IT IS THEREFORE RECOMMENDED that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (DE #1) be DISMISSED WITH PREJUDICE and that the relief prayed for be DENIED.

IT IS FURTHER RECOMMENDED that the Court not issue a certificate of appealability because Russell has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(1)-(2).

SO ORDERED this 17th day of May, 2018.

_____
UNITED STATES MAGISTRATE JUDGE