IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ROY LEE RUSSELL
ADC #087075                                                   PETITIONER

v.                          No. 5:16-cv-188-DPM

WENDY KELLEY, Director,
Arkansas Department of Correction                             RESPONDENT

## ORDER

1. Russell filed his *habeas* petition in this case in June of 2016. The case was referred to a United States Magistrate Judge. FED. R. CIV. P. 72; LOCAL RULE 72.1(VIII)(B). Over the course of almost two years, the Magistrate Judge handled several nondispositive motions. № 5, 9, 15 & 29. He also responded to Russell's repeated requests for status updates. № 17, 21, 23 & 27. Earlier this year, the Magistrate Judge submitted a thorough recommendation. He analyzed Russell's many claims and recommended that the petition be dismissed with prejudice. № 30. Russell filed lengthy objections. № 31. After reviewing the record *de novo,* this Court adopted the recommendation with a supplement and dismissed Russell's petition with prejudice. № 32 & № 33. Russell then moved for relief from the Judgment. № 34. The Court denied the motion. № 36. Russell appealed; and

that appeal is pending before the United States Court of Appeals for the Eighth Circuit. № 38 & № 41.

In October, Russell filed a letter raising a new issue: about ten years ago, the Magistrate Judge was Russell's lawyer in an unrelated revocation proceeding in federal court. № 45; *Case* № *4:99-cr-54-JMM*. Russell now says that the Magistrate Judge "displayed favoritism against or antagonism toward" him and should have recused. № 45. The Court construes Russell's letter as another motion for relief from the Judgment. FED. R. CIV. P. 60(b)(6). Though Russell's appeal is still pending, this Court has jurisdiction to consider the motion. *Pioneer Insurance Company v. Gelt*, 558 F.2d 1303, 1311–12 (8th Cir. 1977).

**2.** This isn't a mandatory-disqualification case. Although the Magistrate Judge previously represented Russell, that earlier proceeding wasn't related to this case. 28 U.S.C. § 455(b)(3). Indeed, the revocation happened several years before the crimes at issue in this *habeas* case occurred.

Because there was no basis for mandatory disqualification, whether to recuse was within the Magistrate Judge's sound discretion. *Moran v. Clarke*, 296 F.3d 638, 648 (8th Cir. 2002). The law presumes his impartiality. *United States v. Denton*, 434 F.3d 1004, 1111 (8th Cir. 2006). Russell believes the Magistrate Judge showed partiality by

ruling against him. But adverse rulings are grounds for an appeal—not recusal. *Dossett v. First State Bank*, 399 F.3d 940, 953 (8th Cir. 2005). Nothing in the record shows "a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

Russell's motion is also untimely. It falls, if anywhere, in Rule 60(b)(6)'s catch-all provision. A motion under that subsection must be made within a reasonable time after the judgment is entered. FED. R. CIV. P. 60(b)(c)(1). "What constitutes a reasonable time is dependent on the particular facts of the case in question[.]" *Watkins v. Lundell*, 169 F.3d 540, 544 (8th Cir. 1999). Russell filed his motion about four months after this Court entered the Judgment. № 33. He could have raised the prior-representation issue at any point after he filed his petition, and it was randomly assigned to the Magistrate Judge, in June of 2016. Instead, Russell waited for more than two years—until the Magistrate Judge had issued an unfavorable recommendation, until this Court had adopted that recommendation, and until his first motion for relief from the Judgment was denied. In the circumstances, that was unreasonable.

\* \* \*

Russell's motion, № 45, is both untimely and meritless. It is therefore denied.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

5 November 2018